## Ex Parte Pfitzer.

FUGITIVE FROM JUSTICE.—RENDITION.—A requisition from the governor of the State of *Illinois* upon the governor of the State of *Indiana*, for the return of a fugitive from justice, recited that " the annexed papers, duly authenticated in accordance with the laws of *Illinois*, show that by affidavit in the county of *Montgomery*, in said State, *C. F.* stands charged with larceny," &c. No copy of any affidavit purporting to have been made in *Montgomery* county was attached to the requisition, but a warrant issued by a justice of the peace of that county, reciting that such an affidavit had been filed, and an affidavit purporting to have been made in *Sangamon* county, charging a larceny in *Montgomery* county, were attached to the requisition.

*Held*, that in the absence of a copy of an affidavit filed in *Montgomery* county, the governor of *Indiana* was not authorized to issue his warrant for the arrest of the fugitive.

APPEAL from the *Marion* Criminal Circuit Court.

FRAZER, C. J.—This was a writ of *habeas corpus* directed to *John Umversaw* and *George W. Parker*. By the return to the writ, and the evidence, it appeared that the petitioner was restrained of her liberty by virtue of a warrant from

the governor of this State, issued in pursuance of the act of *March* 9th, 1867 (Acts 1867, p. 126), upon a requisition from the governor of the State of *Illinois*. It appeared by the requisition that the governor of *Illinois* certified that "the annexed papers, duly authenticated in accordance with the laws of *Illinois*, show that by affidavit, in the county of *Montgomery*, in said State, *Caroline Miller, alias Caroline Pfitzer* stands charged with larceny," &c. Among the papers annexed, and alluded to by Governor *Oglesby* of *Illinois*, there is nothing purporting to be an affidavit made in *Montgomery* county. There is a warrant issued by a justice of the peace of that county, wherein it is recited that such a complaint, on oath, had been made before him, charging the petitioner as recited in the requisition, and it was doubtless this warrant to which the governor of *Illinois* refers, as showing that "by affidavit in *Montgomery* county" she was charged with larceny. This does not satisfy the requirements of the act of Congress upon the subject of the rendition of fugitives. A copy of the affidavit must be produced, before the governor of a State is authorized, upon the requisition of the governor of another State, to issue his warrant for the arrest of the fugitive. 1 G. & H., § 1, p. 727. There is also a paper in the form of an affidavit, purporting to have been made in the county of *Sangamon*, charging the offense as having been committed in the county of *Montgomery*, and that the said *Caroline* had fled to this State; but two of the members of this court, as now advised, have serious doubts as to whether it purports upon its face to have been made before a magistrate, as the act of Congress requires. I cannot say that I share these doubts. It is, however, sufficient that no copy of the affidavit in *Montgomery* county was produced to the executive of this State. It was to answer to that prosecution that the rendition was required by the governor of *Illinois*, and without an authentic copy of that document any warrant issued here was unauthorized.

The judgment is reversed, at the cost of *Parker*, and the

cause remanded, with directions to give leave to amend the return and proceed according to this opinion.

*A. Seidensticker, F. Rand* and *R. H. Hall,* for appellant: *J. Hanna* and *F. Knefler,* for appellee.