## TULLIS v. FLEMING, ADM'R.

69    15
f169   121

FUGITIVE FROM JUSTICE.—*Governor's Requisition.—Arrest and Surrender.*—The requisition of the Governor of another state, accompanied by a copy of an affidavit charging a party with the commission of a certain act, and with the authenticated certificate of such Governor that said act constitutes a crime under the laws of said state, makes a *prima facie* showing that such party is charged with a crime in said state, and authorizes his arrest in this State.

SAME.— *Warrant.—Affidavit.—Indictment.*—It is not necessary that a warrant shall be issued for a fugitive upon the charge against him, before his return can be demanded from the state or territory to which he may have fled. It is the indictment or affidavit, and not the issuing of a warrant, which constitutes the charge against a fugitive, upon which his return can be required.

SAME.—*Habeas Corpus.—Sufficiency of Affidavit under Laws of Another State.—Circuit Judge.*—Where a fugitive from another state has been arrested by a sheriff of a county in this State, upon a warrant from the Governor of this State, and sues out a writ of *habeas corpus* before a circuit judge of this State, such judge has no authority to pass upon the sufficiency of the affidavit charging the crime under the laws of the state where it was filed, where such laws are not before such judge at the hearing.

From the Judge of the Madison Circuit Court.

*W. R. Pierse* and *C. D. Thompson,* for appellant.

NIBLACK, J.—On the 23d day of August, 1875, Thomas Tullis, the appellant, filed in the office of the clerk of the Madison Circuit Court his petition, addressed to the judge of said court, alleging that he was unlawfully restrained of his liberty by one John W. McAllister, then sheriff of the county of Madison. A writ of *habeas corpus* was thereupon issued to the said McAllister, returnable before said judge at chambers on the same day.

McAllister made return that he held the appellant in his custody as sheriff as above stated, under a warrant issued by the Governor of Indiana, upon a requisition from the Governor of Ohio, and directed to any sheriff or constable of this State, commanding the arrest of the petitioner, and appended a copy of the warrant to his return. The recit-

ing part of the warrant set up by the return of McAllister was as follows :

" Whereas it has been represented to me by His Excellency, William Allen, Governor of the State of Ohio, by his requisition duly authenticated, under his signature and the seal of the last named State, dated at the city of Columbus, on the eighth day of July, A. D. 1875, and directed to the Governor of the State of Indiana, that Thomas Tullis stands charged with the crime of unlawfully obtaining by false pretence the signature of one Jasper Teagarden to a promissory note, which act was committed in said State, the same being a crime under the laws thereof, and that said Thomas Tullis has fled from the justice of the State of Ohio, and has taken refuge in the State of Indiana ; and whereas said Governor of said State of Ohio has, in pursuance of the constitution and laws of the United States, demanded of me that I cause the said Thomas Tullis to be arrested and delivered into the custody of N. M. Wilson, the agent of the said State of Ohio, who is duly authorized to receive him into custody and convey him back to the said State of Ohio ; and whereas the said requisition and demand are accompanied by an affidavit of said Jasper Teagarden, subscribed and sworn to before one Thomas Beers, a justice of the peace in and for the county of Darke in said State of Ohio, said affidavit being duly and properly authenticated under the seal of said State of Ohio to be authentic, charging the said Thomas Tullis with the commission of said crime in the manner following :" The affidavit was then set out at full length in the warrant.

The warrant concluded with a mandate for the arrest and delivery of Tullis as demanded by the Governor of Ohio.

The appellant entered exceptions to the sufficiency of the return, but his exceptions were overruled. Failing to reply further, the appellant was remanded to the custody

of McAllister. Pending this appeal, the death of McAllister has been suggested and William C. Fleming, his administrator, has been substituted as appellee.

The appellant insists that his exception to McAllister's return ought to have been sustained, because :

First.   The facts charged in the affidavit, set out in the warrant, did not constitute a crime according to the laws either of Ohio or Indiana ;

Second.   It was not shown by the warrant set out that a warrant had been issued in Ohio upon the charge contained in the affidavit.

Whether the matters charged in the affidavit were sufficient to constitute a crime under the laws of this State, is a question not in any manner before us.   Neither was that a question before the judge below.   The laws of Ohio were not before the judge at the hearing below.   He was hence unable, as he was, under such circumstances, unauthorized, to judge of the sufficiency of the affidavit under the laws of that State.   Whether that judge might have been permitted, under any circumstances, to judge of the sufficiency of the affidavit under the laws of Ohio, is a question also not now before this court, and one concerning which we decide nothing in the present case.

The requisition of the Governor of Ohio, being accompanied by a copy of an affidavit charging the appellant with the commission of a certain act, and with the certificate of that governor that such act constituted a crime under the laws of that State, made at least a *prima facie* showing that the appellant was charged with a crime in the State of Ohio, from which he had fled, and authorized his arrest in this State.   There is nothing either in the act of Congress, or in the act of this State, upon the subject of fugitives from justice, which requires that a warrant shall be issued for the fugitive upon the charge against him be-

It is the indictment or affidavit, and not the issuing of a warrant, which constitutes the charge against a fugitive upon which his return can be required.

The warrant of the Governor of this State, appended to McAllister's return, appears to us to have been sufficient on its face.

No error was therefore committed in overruling the appellant's exceptions to McAllister's return or in remanding the appellant to McAllister's custody.   *Ex parte Pfitzer,* 28 Ind. 450 ; *Robinson* v. *Flanders,* 29 Ind. 10 ; *Morton* v. *Skinner,* 48 Ind. 123 ; *Hartman* v. *Aveline,* 63 Ind. 344.

The judgment below is affirmed, with costs.