## BASYE *v.* BASYE.

[No. 18,471. Filed February 14, 1899.]

HUSBAND AND WIFE.—*Abuse of Confidential Relations.—Fraud.—Equitable Relief.*—Whenever the confidence resulting from a relationship of special trust, such as should exist between husband and wife, is abused, equity will afford relief. *p. 175.*

SAME.—*Demonstrations of Love.—Promise as to Future Conduct.—Representation of Existing Fact.—Fraud.*—Professions and demonstrations of love and promises as to future conduct, when made by a wife to her husband, are representations concerning a present fact, and when falsely made to induce the husband to convey to her his real estate, fraud may be predicated thereon. *p. 175.*

Basye 'v. Basye.

HUSBAND AND WIFE.— *Conveyance to Wife.—Fraud.— Rescission.—* Where a wife, who had treated her husband coldly for a long time without cause, suddenly became profuse in her professions and demonstrations of love, and thereby induced him to deed her certain real estate without consideration other than that the title should be in her as his wife and in trust for him, and that their marital relations, should continue peaceful and loving, after which she immediately abandoned him without cause and began suit for divorce, the conveyance should be set aside. *pp. 173-176.*

PLEADING.—*Demurrer.—Abatement.*—The question as to whether an action should abate because the complaint shows another action for the same cause pending between the parties is not raised by a demurrer for want of facts. *Rose* v. *Rose,* 93 Ind. 179, in so far as it might be considered an authority to the contrary, is overruled. *p. 177.*

From the Henry Circuit Court. *Reversed:*

*John Lockridge* and *W. A. Brown,* for appellant.

*M. E. Forkner* and *Adolph Rogers,* for appellee.

BAKER, J.—Suit to cancel deed for fraud. The material averments of appellant's complaint are these: The parties are husband and wife and have been for twenty years; they owned by entireties certain land; there had been small differences between them, and appellee, without appellant's fault, had treated him coldly for a long time; appellant was a dutiful husband throughout; he was in love with his wife and she knew it; he desired to live with her in peace, concord, and affection; suddenly she became profuse in professions and demonstrations of love; she promised to be a dutiful and loving wife for the rest of their days; this conduct of hers was hypocrisy; in shamming she had in mind to defraud him by getting the title and then deserting him; with this intent and while making her false protestations and promises, she begged him to make her a deed, stating that the entire title ought to be in the wife and that he might put the consideration at $2,200 which would always show his interest in the land; he was ignorant of her fraudulent design, and, relying on the apparent sincerity of her actions and promises, deeded her his interest without consideration other than that the title

should be in her as his wife and in trust for him and that their marital relations should continue peaceful and loving; in a few days she abandoned him and filed her complaint for divorce which is yet pending untried; the charges in the complaint for divorce are untrue.

Demurrer to complaint for want of facts was sustained. Judgment on appellant's refusal to plead further.

Appellant cites no authorities and simply insists in a general way that the complaint states sufficient facts.

Appellee contends that the complaint is bad because it shows: first, that the deed was voluntary; second, that it was for a sufficient consideration; third, that there was no fraud; fourth, that the suit is between husband and wife concerning real estate; and fifth, that a divorce proceeding is pending in which alone the matters complained of can be adjudicated.

Though a voluntary conveyance is valid between the parties and parol evidence is inadmissible to impress a trust upon an absolute deed, equity affords relief against fraud in the procurement.

The $2,200, which was to have been named in the deed, would have constituted a valuable consideration if paid; and appellant could not have proceeded without repaying or offering to repay the amount. But the complaint does not show that this sum was recited in the deed as a consideration, much less paid. It affirmatively appears that appellant executed the deed without consideration other than one he could not tender back.

Appellee cites *Fouty* v. *Fouty*, 34 Ind. 433; *Burt* v. *Bowles*, 69 Ind. 16; *Bethel* v. *Bethel*, 92 Ind. 318, 324, and other authorities, to the effect that fraudulent representations must relate to existing facts and that promises made to be performed in the future and afterwards broken do not constitute fraud. To permit a rescission for fraud by one who has no ground for complaint except an unfulfilled promise, a broken contract, would obscure elementary distinctions between remedies and tend to nullify the statute of frauds.

In this case the false representations were made concerning a present fact. Representations may consist in acts as well as words. When appellee caressed her husband, after a long period of coldness, she made a solemn affirmation of present fact just as much as when she told him in words that she loved him and begged his forgiveness of her past indifference. When she caressed him and promised to be a good wife in the future, her promise as well as her kiss was a representation of present fact. A present state of mind is a present fact. Bigelow on Fraud (1888 ed.), pp. 483-4.

Appellee owed appellant the utmost good faith and frankness. There existed between them a relation of special confidence and trust. The principle, also, applies here that whenever the confidence resulting from such a relationship is abused equity will interfere. 2 Pom. Eq. Jur., section 963; Schouler Husb. & W., section 403; Bigelow on Fraud (1888 ed.), p. 353. It was a fraud on appellant for appellee to conceal her intention of abandoning him as soon as she got his property.

That the husband is usually the stronger may be true; but that he is not always the dominating force in the marriage union is known from many well authenticated instances extending from the present back to the time of Delilah. A few of these have gotten into the law books.

In *Evans* v. *Carrington*, 2 De Gex, F. & J. 481, the wife induced the husband to deed property to her, on the basis that it was her due under the marital relation. She intended, as soon as she could get possession, to leave and never to live with her husband again. The deed was annulled.

*Evans* v. *Edmunds*, 13 C. B. 777, is very similar in facts and result.

*Brison* v. *Brison*, 75 Cal. 525, 17 Pac. 689. The wife importuned the husband to put the title to his land in her name, stating that she would hold it for his benefit and reconvey it on demand. When she made the promise, she intended to

hold the land as her own and to desert her husband. This was held to be active fraud.

*Bartlett* v. *Bartlett*, 15 Neb. 593, 19 N. W. 691, resembles the Brison case.

A quotation from *Turner* v. *Turner*, 44 Mo. 539, shows the nature of that case: "A wife in whom her husband reposed the strictest confidence might well be calculated to exert an influence on his mind and obtain the title to property in her own name. If it was done with an honest intent to secure a home for herself and her offspring, the transaction would not only be legal but praiseworthy. But if the influence was exerted with the design of despoiling the husband and then abandoning him,  *   *   .*   the law would condemn and stigmatize the transaction."

*Stone* v. *Wood*, 85 Ill. 603. Wood and his wife had lived in Galesburg. Wood went to Bloomington to work. His wife wrote him that if he would put the title to their Galesburg property in her name (by means of a trustee), she would sell it for $1,800, pay his debts, and come to him with the balance; and they would buy a new home. She intended to cheat her husband, financially and maritally. After getting the deed, she conveyed to Stone, who knew of her fraud and held the property for her benefit. The court decreed that the defendants restore the title to plaintiff and account for rents.

In *Meldrum* v. *Meldrum*, 15 Colo. 478, 24 Pac. 1083, 11 L. R. A. 65, the wife had grown tired of her husband. But she wanted some of his property—unincumbered. So she simulated ardent affection, and he, under the spell of her allurements, conveyed to her a valuable property in Denver. Then she drove him from the house and applied for a divorce. His suit to regain the property was sustained.

The fourth claim of appellee is that this suit will not lie because it is between husband and wife concerning real estate. Married women have been emancipated by the statutes of this State. They must respond for frauds practiced upon their husbands as well as for those upon others.

The final contention is that the complaint is bad because it shows that a divorce proceeding is pending. If a complaint states facts sufficient to constitute a cause of action, and also sets forth facts that make out a defense in bar, a demurrer for want of facts should be sustained. But the defense of a former action pending is not in bar. It is in abatement merely. If the complaint exhibits a ground for abatement, the demurrer should be framed and addressed accordingly. Section 342 Burns 1894, section 339 Horner, subdivision 3. The case of *Rose* v. *Rose*, 93 Ind. 179, 185, in so far as it might be considered an authority to the contrary, is overruled.

What would have been the effect of a decree of divorce in appellee's favor rendered before the commencement of this suit, is not involved.

The demurrer for want of facts should have been overruled.

Judgment reversed.