GEE *v.* GEE.

1. DIVORCE—EQUITY.
   Wife suing for divorce asks for equitable relief and appeals to conscience of court, and, if her conduct is inequitable, court could refuse to grant her relief.

2. SAME—FRAUD.
   Where wife induced husband to convey to her property standing in their joint names, and concealed from him her intention of abandoning him as soon as this was done, her action in suing for divorce after obtaining the property was a fraud on him.

3. SAME—DIVISION OF PROPERTY.
   Where wife fraudulently concealed from husband her intention of abandoning him until after she had obtained title to property standing in their joint names, when she brought suit for divorce, decree granting divorce to her, from which he does not appeal, properly ordered property sold and proceeds divided between them.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 23, 1931. (Docket No. 166, Calendar No. 35,677.) Decided June 1, 1931. Rehearing denied September 10, 1931.

Bill by Annie Gee against Charles Gee for divorce. Cross-bill by defendant for declaration of interest in certain property. From decree granting divorce to plaintiff and division of property as prayed by defendant, plaintiff appeals. Affirmed.

*Peter P. Boyle,* for plaintiff.

*Hulburt & Randall,* for defendant.

POTTER, J. The parties hereto were married July 1, 1912. They have one child, a daughter nine years old. Plaintiff began suit for divorce June 1, 1929, on the grounds of extreme and repeated cruelty and nonsupport, asking for temporary and

Marital misconduct of one spouse as avoiding gift by other spouse, see annotation in 35 L. R. A. (N. S.) 124.

permanent alimony, custody of the minor child, an injunction restraining defendant from molesting her, and for other relief. Defendant answered, denying all the material allegations of the bill of complaint, and by way of cross-bill asked to be decreed an interest in the real estate which plaintiff held in her name; that a bank account from which she had drawn the money be decreed joint property, for an injunction restraining her from disposing of or incumbering the real estate and household furniture, and from ejecting him from the home.

The trial court granted plaintiff a decree for divorce, directed defendant to pay the friend of the court $8 a week for the care and support of the minor child, gave defendant the right to have the custody of the minor child for two weeks in July of each year, and directed the real estate, part of which stood in the name of the wife, be sold and the proceeds divided.

Plaintiff appeals, claiming the court erred in directing the real estate in her name to be sold and the proceeds divided between the parties. Defendant does not appeal. Plaintiff asked for equitable relief; she appealed to the conscience of the court. If her conduct was inequitable or unconscionable, he could refuse to grant her relief. There is no sufficient evidence to warrant a decree upon the ground of nonsupport. There is proof of her cruelty to her husband, her neglect of the minor child, and her associations with other men, but on the whole case the trial court granted her a decree of divorce. The Detroit real estate stood in the joint names of the parties. It was the result of their joint efforts. Plaintiff wanted it. There was evidence she told her neighbor she was going to get defendant's property and as soon as she got the property she was

going to show him he could get out. Plaintiff testifies she started divorce proceedings against defendant but "dropped them right away when he signed over to me." Defendant testified plaintiff kept after him during the time he was out of work and insisted he should give her the property or she would get a divorce; that he was discouraged and finally agreed to sign it and did sign the deed turning the property over to her; that plaintiff agreed he should live just the same as if the property was joint, and "the minute she got it was just I could bake in hell." There was other testimony, but it did not materially vary the statements of the parties. The authorities here and elsewhere sustain the rule that it was a fraud for plaintiff to conceal her intention of abandoning defendant as soon as she got his property. 2 Pomeroy, Equity Jurisprudence (4th Ed.), §§ 951, 956; 1 Story's Equity Jurisprudence (13th Ed.), § 218; Basye v. Basye, 152 Ind. 172 (52 N. E. 797); Witbeck v. Witbeck, 25 Mich. 439; Turner v. Turner, 44 Mo. 535; Evans v. Evans, 118 Ga. 890 (45 S. E. 612, 98 Am. St. Rep. 180); Meldrum v. Meldrum, 15 Colo. 478 (24 Pac. 1083, 11 L. R. A. 65); Brixel v. Brixel, 230 Ill. 441 (82 N. E. 651); Thomas v. Thomas, 27 Okla. 784 (109 Pac. 825, 113 Pac. 1058, 35 L. R. A. [N. S.] 124, Ann. Cas. 1912 C, 713); Holt v. Holt, 23 Okla. 639 (102 Pac. 187). In Basye v. Basye, supra, it is said:

"It was a fraud on appellant for appellee to conceal her intention of abandoning him as soon as she got his property."

The decree of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.