No. 61.

### BEEM ET AL. *v.* LOCKHART.

PRINCIPAL AND AGENT. —*Fraudulent Representations.—Pleading.—Complaint.*—For a complaint held sufficient in an action to recover damages for fraudulent representations made by an agent of the defendants in effecting an exchange of defendants' mill for plaintiff's land, see opinion.

SAME.—*Special Agent.—When Principal Bound.*—A principal is bound by the acts of his agent, whether general or special, which are within the scope of the authority which the principal holds him out as possessing.

PRACTICE.—*Instructions.—Record.*—Instructions not filed as required by section 533, R. S. 1881, do not become a part of the record. A recital by the clerk that the instructions were given is not sufficient to bring them into the record.

From the Owen Circuit Court.

*D. E. Beem* and *W. Hickam,* for appellants.

*G. W. Grubbs, I. H. Fowler* and *W. A. Pickens,* for appellee.

BLACK, C. J.—This was an action brought by the appellee, Margaret Lockhart, against the appellants, John S. Beem and Richard N. Hyden, to recover damages for fraudulent representations made to the appellee by one Philip Miller, as the agent of the appellants, in effecting an exchange of a certain mill property owned by the appellants, in Greene county, for certain land owned by the appellee in Clay county.

The appellee obtained judgment upon a verdict for eight hundred dollars.

The complaint was in three paragraphs. A demurrer was sustained as to the first paragraph, and overruled as to the second and third paragraphs.

No objection is urged in this court to the third paragraph. The only suggestion made by the appellants against the second paragraph is that it is not averred therein with sufficient

distinctness that the appellants either by themselves or by another made the alleged misrepresentations.

It is alleged in this paragraph that said Philip Miller, "as the agent of said defendants, came to the residence of said plaintiff, in Owen county, Indiana, and as such agent, and acting for and on behalf of said defendants, proposed," etc., "and to induce said plaintiff to make said trade, the said Miller, as the agent and representative of said defendants, * * * represented to her," etc.; that, "relying upon the false and fraudulent representations of said defendants, as made by their agent, said Philip Miller, and believing them to be true, she made a conveyance of her said real estate * * for a one-half interest in said mill property, conveyed to her by said defendants, and nine hundred dollars cash in hand paid her by said defendants; * * * that by reason of * * * the false and fraudulent representations of said defendants, through their agent, said Philip Miller, she has sustained damages," etc.

This complaint, though not as full direct and definite as is desirable, seems to us to connect the appellants with the representations made by said Miller sufficiently to render them responsible for such representations as for their act done through another, and therefore done by themselves.

.Counsel have sought to call our attention to certain instructions to the jury, but the instructions can not be regarded as properly before us.

There are in the transcript certain instructions after a statement by the clerk as follows: " The following instructions were given to the jury at the request of the plaintiff." It is not shown that the instructions were filed. Therefore they do not constitute part of the record. Section 533, R. S. 1881; *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378; *Clanin* v. *Fagan,* 124 Ind. 304; *Morrison* v. *Collier,* 79 Ind. 417; *Olds* v. *Deckman,* 98 Ind. 162.

It is earnestly insisted that the verdict is not sustained by

sufficient evidence. We have examined the record, and having found there evidence tending to sustain the verdict, we can not disturb the conclusion reached upon it in the trial court.

A party is liable for the fraudulent representation of his agent, acting within the scope of his employment, when the representation is naturally connected with the service being performed for the principal.

Much is said in the argument concerning the distinction between general and special agents ; but a principal is bound by the acts of his agent, whether general or special, which are within the scope of the authority which the principal holds him out as possessing. Every principal, as to innocent third persons dealing with his agent, is bound by the acts of the agent in the execution, by any usual and appropriate means, of the apparent authority with which the principal has clothed him.

We find no error in the record.

The judgment is affirmed, with costs.

