Filed March 4, 1896.

---

No. 17,713.

## YOUNT v. YOUNT.

144  133
151  382
144  133
164  176

CONTRACT.— *Capacity to Contract.* — *Mental Weakness.* — Mental weakness, which is not alone sufficient to destroy capacity to contract, will invalidate a conveyance, if accompanied by undue influ-

Yount *v.* Yount.

ence, duress, inadequacy of consideration, misrepresentations, concealment, taking advantage of ignorance, inexperience, or want of advice.

EVIDENCE.—*Burden of Proof.—Contract.*—Very slight circumstances will cast the burden of sustaining a contract upon the party asserting its validity, where the other party was old, feeble, illiterate, and weak-minded from sickness or other cause.

APPELLATE PROCEDURE.—*Sufficiency of Evidence.*— The Supreme Court will not disturb a finding by the court below on the weight of the evidence, where there is evidence sustaining it.

PLEADING.—*Complaint to Set Aside a Deed and Assignment.—Undue Influence.—Restoration of Consideration.*—A complaint in an action to set aside a deed and an assignment, upon the ground of undue influence and mental weakness, need not allege a restoration, or offer to restore the consideration, where the only consideration was a promise to support plaintiff for life contained in the deed, as a judgment setting aside the deed would also set aside the promise; and, besides, a provision in a deed for the support of the grantor during life cannot be specifically enforced.

From the Kosciusko Circuit Court.

*A. G. Wood* and *F. E. Bower*, for appellant.

*L. W. Royce* and *L. H. Haymond*, for appellee.

MONKS, J.—Appellee alleged in her complaint "that appellant was her son, and that on October 19, 1893, and for some time prior thereto, she was the owner in fee simple of the undivided one-third of certain real estate, which she inherited from her husband, William Yount, deceased, who was the father of appellant; that her said husband had died intestate, and his estate had never been administered upon or settled; that in addition to said real estate so inherited by her, she was entitled under the law to the sum of $500 as such widow; that after the death of her husband, appellant purchased the interest in said real estate inherited by the other children of said deceased, and thereby became the owner of the undivided two-thirds of said real estate, and was the

owner thereof prior to and on October 19, 1893; that one Eli Gitty, a son of appellee by a former marriage, was indebted to her said husband at the time of his death in a considerable sum, evidenced by several promissory notes which were on said day unpaid; that said promissory notes were in the possession of appellant, who claimed to be the owner thereof by assignments executed to him by the other children of the deceased; that on said day, and for several years prior thereto, appellant was and had been a full grown man, possessed of intelligence, of sound judgment, of large experience in the transaction of business, a clear comprehension of the values of all kinds of property and of the various methods of transferring titles thereto, and of resolute will and force of character; that on said day, and several years prior thereto, appellee, by reason of sickness, ill health and advanced years, was weak and feeble in body and in mind; she was illiterate and could neither write nor read writing, and was wholly inexperienced in the transaction of business, and totally unacquainted with the methods thereof; that she had but a meager knowledge of the values of property and was totally ignorant of the means by which the title to property was transferred and conveyed, and did not know a deed, even when read to her, from any other instrument in writing; that prior to said day appellant looked after the sale of her crops and the expenditure of the money derived therefrom, and assumed the transaction of her business for her, and that by means thereof he had sought and obtained her trust and confidence to such a degree that he could overpower and control her will in the then feeble condition of her mind and body, which rendered her easily susceptible to the influences, arts and persuasions of appellant; that on said day, and on divers other days prior

thereto, appellant, well knowing appellee's weak and
feeble, illiterate, and dependent condition, and well
knowing his power and influence over her, and cor-
ruptly contriving to profit thereby, and to cheat and
defraud appellee out of her said property, made fre-
quent visits to her, and by means of persistent, con-
tinuous and undue persuasions and importunities,
and by his overpowering influence, sought to induce
her to convey to him her said lands, and transfer to
him her interest in the estate of her deceased hus-
band; that as a further means of effecting his said
purpose, appellant made threats to her that he would
have an administrator appointed for the estate of said
deceased, who would take charge of all the assets of
said estate, and that in such event she would be com-
pelled to account for all such assets as she had used
and were then in her hands, and that she would
thereby be put to great vexation and trouble; that
through said administrator he would press the collec-
tion of the said indebtedness of said Gitty to said
estate, and that said Gitty, if pressed for the collec-
tion of said indebtedness would be broken up and
financially ruined; that he, said appellant, would then
bring suit for partition for said real estate and thus
put her to great expense, trouble and annoyance, and
deprive her of her home on said premises where she
had lived for a long number of years, and to which
she had become greatly attached; that said threats
greatly excited and agitated appellee, and caused her
to be seriously concerned about her welfare and that
of her son, Ely Gitty; that while she was so excited
and troubled, she was two days prior to said 19th of
October, 1893, seized with an attack of heart disease
to which she was subject, through which she was
greatly prostrated in body and bewildered in mind
to such a degree as to be incapable of understanding

the ordinary affairs of life; that while in said condition, bodily and mentally, to-wit: on the 19th day of October, 1893, the appellant came to her, well knowing her condition, and told her that she must on said day enter into a contract with him for the conveyance to him in the future of her said lands or he would cause her and her son Eli all the trouble he had so threatened to do; he told her that he had prepared an instrument in writing for her to execute and which she must execute at once if she wished to prevent said threatened trouble to herself and her son, Eli; he falsely represented to her that the instrument she was to sign was only a contract providing for the future conveyance of her said land, and not a deed of conveyance thereof, which said peremptory demands and the threatened consequences which were to fall upon her and her said son, Eli, in case she refused compliance therewith, wholly broke down and overcome appellee's will, and being so wrought upon by appellant's overpowering influence and his said threats and his said false representations, that said instrument was not a deed, appellant thereby procured her to execute to him a quit claim deed conveying to him in fee simple her said land, and also an assignment to him of all her interest in the estate of her deceased husband, without any consideration whatever, except a provision in said deed that the appellant was to support and maintain her during her life; that as a further inducement and consideration by which to obtain her signature to said instrument, which she so believed to be a contract, appellant promised and agreed with her that he would deliver up and cancel the said notes of Eli Gitty; that since the execution of said instrument appellant has refused to deliver up and cancel said notes, though often requested so to do; that appellee relied upon said representations that said in-

strument was only a contract as aforesaid, and so rely-ing executed the same without any knowledge that it was a deed; that the execution of said instrument was not the free, voluntary and intelligent act of appellee, but the execution thereof was procured by said over-powering and undue influence of appellant, and by his false threats and false representations, that said in-strument was a contract and not a deed of convey-ance; that on the first day of January, 1894, appellee so far recovered from said attack of heart disease as to understand the nature of said transaction, and for the first time learned the nature of said fraud that had been practiced upon her by appellant and that said instrument was a deed of conveyance of her land to appellant and also an assignment to him of her in-terest in said estate; that she thereupon demanded a rescission," etc.

Appellant filed a demurrer to the complaint for want of facts, which was overruled. An answer of general denial was filed, trial by the court was had, which resulted in a finding for appellee, and over a motion for a new trial, judgment was rendered against appellant.

The only errors assigned call in question the action of the court in overruling the demurrer to the com-plaint and in overruling the motion for a new trial.

Appellant insists "that weakness or feebleness of mind itself is not sufficient to avoid a deed; that the alleged misrepresentations were not such as she had the right to rely upon; that the threats complained of do not amount to duress, and that there is no alle-gation of an offer by appellee to restore the consid-eration received by him before the commencement of the action; and that for these reasons the complaint was insufficient and the demurrer should have been sustained." It is true that weakness of mind alone

does not render one incapable of making a contract. Weakness or feebleness of mind may, however, become of controlling influence when connected with other facts tending to establish fraud. While mental weakness alone may not be sufficient to destroy capacity to contract, yet if it is accompanied by undue influence, duress, inadequacy of consideration, misrepresentations, concealment, taking advantage of ignorance, inexperience and want of advice, and the like, a conveyance procured by such means will be set aside.

When a person is weak and enfeebled in mind by reason of age, or from any other cause, and another takes advantage of such weakness and by any threats, artifice, or cunning, or undue influence he may possess, or by improper practices, induces such person to execute a contract, which in the free use of his deliberate judgment he would not have entered into, such contract should be set aside for fraud.

It was not necessary to allege in the complaint that appellee was at the time of unsound mind or in such a state of mental imbecility as to render her entirely incapable of making a deed. It is sufficient to allege facts which show that from her sickness and infirmities she was at the time in a condition of mental weakness, and that there was either gross inadequacy of consideration for the conveyance, or that by improper practices, undue influence, misrepresentation, or concealment, or taking advantage of her ignorance, she was induced to execute a deed which in the free exercise of her deliberate judgment she would not have done.

Undue influence generally occurs when one of the parties is weak in intellect or is so situated or related to the other party as to be under his influence. What the relation may be is not material if confidence is

reposed and influence obtained.    When one of the parties is old and feeble, illiterate, and weak-minded from sickness, or other cause, very slight circumstances will cast the burden on the other party. *Wray* v. *Wray*, 32 Ind. 126; *Ikerd* v. *Beavers*, 106 Ind. 483 (488–490), and cases cited; *McCormick* v. *Malin*, 5 Blackf. 509; *Ashmead* v. *Reynolds*, 134 Ind. 139, and cases cited; 39 Am. St. Rep. 238, and note on page 244; *Stumph* v. *Miller*, 142 Ind. 442; *Harding* v. *Handy*, 11 Wheaton 103; *Harding* v. *Hardy*, 2 Mason 378; *Parker* v. *Parker*, 45 N. J. Eq. 224; *Giles* v. *Hodge*, 74 Wis. 360; *Hemphill* v. *Holford*, 88 Mich. 293; *Cowee* v. *Cornell*, 75 N. Y. 91, 99, 31 Am. Rep. 428; *Greene* v. *Roworth*, (113 N. Y. Ct. of App. 462) 21 N. E. Rep. 165; *Barnard* v. *Gantz*, 140 N. Y. 249, 35 N. E. Rep. 430; 1 Story Eq. Jur., section 239; 2 White & Tudor's Lead. Cases in Eq., 1206–1210, 1230–1250; 2 Pomeroy Eq., section 947; 27 Am. and Eng. Ency of Law, 453–459, 461–489.

The complaint alleges that appellant procured the execution of the deed and assignment to him of her interest in the estate of her deceased husband, which included the amount of $500 due her as widow, to be paid in cash out of the assets of said estate, without any consideration whatever except a provision in said deed that the appellant was to support and maintain her during her life.    We do not think, under these allegations, that the appellee was required to allege that she restored or offered to restore any consideration for the reason that the complaint alleges that she received none except the promise to support her, which was contained in the deed, and any judgment setting aside the deed would also set aside the contract of support contained therein.    Besides, specific perform-

ance of a provision in the deed that appellant was to support and maintain appellee during her life could not have been enforced by appellee against appellant. *Ikerd* v. *Beavers, supra; Louisville, etc., Co.* v. *Bodenschatz, etc., Stone Co.,* 141 Ind. 251.

The questions presented in this case were fully considered by this court in *Ashmead* v. *Reynolds, supra,* and we think the law, as declared in that case and in the cases cited therein, sustain the action of the trial court in overruling the demurrer to the amended complaint.

It is urged by appellant that the finding of the court was not sustained by sufficient evidence. The rule is firmly settled that if there is evidence sustaining the finding, this court will not reverse the case on the weight of the evidence. We think there is evidence which supports the finding, and, under the rule stated, we cannot weigh the evidence.

This cause was first tried by the court, and a finding and judgment rendered in favor of appellee. Appellant filed a motion for a new trial as a matter of right, which was sustained and a new trial granted. The case was again heard by the court, a special judge having been appointed and a finding and judgment again rendered in favor of the appellee. From this second judgment this appeal is taken.

Appellant has had two trials, each by an able and impartial judge, with the same result each time.

There is no error in the record.

Judgment affirmed.

Filed March 4, 1896.