## CURTIS ET AL. *v.* BURNS.

[No. 3,796. Filed June 5, 1901.]

PLEADING.—*Cross-Complaint.—Sufficiency.— Quieting Title.— Undue Influence.—Fraud. — Will.—Conveyance.*—In a suit to quiet title to real estate, one of the defendants alleged in one of his paragraphs of cross-complaint that cross-complainant is the owner in fee simple of said property by virtue of the last will of the person from whom plaintiff obtained her conveyance of the property by deed ; that said deed was made to plaintiff after the property it sought to convey had been devised to the cross-complainant; that said devisor and grantor was eighty-seven years of age and feeble in body and mind, and unlettered and easily influenced; that plaintiff, knowing of the devise to the cross-complainant, poisoned the devisor's mind against the cross-complainant and induced the devisor to convey said property to plaintiff by repeated entreaties, and by active diligence concealed said conveyance until the devisor was helpless in body and mind ; that plaintiff paid nothing for said property, but procured it in the fraudulent manner aforesaid ; and the cross-complainant asks that the title of said property be quieted in him. *Held,* that the paragraph of cross-complaint states a cause of action.

From Fulton Circuit Court; *A. C. Capron,* Judge.

Action by Nancy E. Burns against James Curtis and others to quiet title. From a judgment in favor of plaintiff, defendant, James Curtis, appeals. *Reversed.*

*E. Myers, G. W. Holman* and *R. C. Stephenson,* for appellants.

*M. L. Essick, A. Metzler, I. Conner* and *J. Rowley,* for appellee.

Black, C. J.—The appellee, Nancy E. Burns, sued to quiet her title to certain land in Fulton county, alleging that she was the owner thereof in fee simple and that the defendants claimed an interest therein adverse to her rights, that their claim was without right and unfounded, and was a cloud upon her title. She obtained the relief prayed against the defendants, James Curtis, Daisy Merley, and Thaddeus Burch, of whom the first named alone assigns errors. It is claimed in his behalf that the court erred in sustaining the appellee's demurrer for want of sufficient facts to the fourth paragraph of his cross-complaint, in which he alleged that he was the owner in fee simple of the same land, describing it; that on the 25th of April, 1884, Matilda Curtis, then in life, but since deceased, was the owner in fee simple of the land, and on that day made her last will and testament, therein and thereby devising the land in question, then of the probable value of $1,000, to the cross-complainant, and certain other real estate of the value of $4,000 to the appellee; that soon thereafter the provisions of this will were fully made known to the devisees, who acquiesced therein; that the testatrix died about June 11, 1897, without having revoked or modified the will, which on the 4th of September, 1897, was duly probated; that by reason of the foregoing facts the cross-complainant is the owner in fee simple of the land in question; but the appellee is asserting title thereto in herself under and by virtue of a certain pretended deed from the testatrix, dated February 5,

1896; that at the date of this deed Matilda Curtis was of very great age, to wit, eighty-seven years of age; that she was wholly unlettered, being unable to read or write, and was greatly enfeebled in body and mind by reason of her great age, sickness, and mental decay, and easily influenced by the acts and entreaties of others, and especially by the appellee and her husband, all of which the appellee well knew; that on or about December, 1895, the appellee and her husband moved into the home of the testatrix, and, taking advantage of her position as an occupant of the home of the testatrix and her influence over her, as aforesaid, and said Matilda's weak and enfeebled condition of mind and body, by the exercise of an undue influence, in this, by poisoning her mind against the cross-complainant, who, as appellee well knew, was a devisee named in said will of said real estate, by repeated entreaties and persistent solicitations, and by other means at the command of the appellee by which she could influence said Matilda, but the exact words or means used by the appellee the cross-complainant, it is alleged, is unable to state, induced said Matilda to sign said pretended deed, with the fraudulent purpose and intent of cheating and defrauding said Matilda, and through her the cross-complainant, out of his rights as herein averred; that in pursuance of said fraudulent purpose and design, and with a view to preventing discovery, the appellee concealed the fact that any such pretended deed had been signed by said Matilda, requested the notary who took the acknowledgment thereof to say nothing about what he had done in that respect, and withheld said deed from record for more than one year from the date of its alleged execution, until said Matilda was utterly helpless in both body and mind; that the appellee paid no consideration for the land, but procured the alleged deed in the fraudulent manner aforesaid, and for the fraudulent purpose aforesaid; that the other defendants claim some interest in the land adverse to the cross-complainant, which, although unfounded, casts a

cloud upon his title; that he is entitled to the possession of said real estate, but the appellee is in possession thereof and unlawfully keeps him out of possession, to his damage; wherefore, he says that said alleged deed to the appellee is void and of no effect, but clouds his title to said real estate. Prayer for judgment quieting his title thereto against all the defendants, and for possession, etc.

There is something said in the briefs of counsel to the effect that in sustaining the demurrer to this paragraph of cross-complaint the court was· of the opinion that the facts therein alleged were admissible under other paragraphs of the cross-complaint. In all the paragraphs it was alleged that the appellant Curtis was the owner in fee simple of the land in dispute. In the first paragraph there was no showing as to the origin of the claim of title of any party; in the second and third paragraphs the origin· of the cross-complainant's alleged title was stated as in the fourth paragraph, but the attack upon the title of the appellee was based upon the mental incapacity of the grantor without any allegations of undue influence or fraudulent conduct. The court is not shown by the record to have submitted to the jury an issue involving the question of undue influence, and could not properly have done so under the pleadings.

In the paragraph under discussion the cross-complainant is stated to be the owner in fee simple, but the facts alleged establish in him an equitable estate, if any. The legal estate was conveyed to the appellee, and thereafter, until the will took effect by the death of the testatrix, the grantor had no legal estate to transmit by her will. But if the conveyance was obtained by the appellee by undue influence amounting to fraud, the conveyance was voidable at the suit of the grantor, who retained an equitable estate while the legal title .was held in trust by the fraudulent grantee. Not only may the heirs of a grantor so defrauded avail themselves of the remedy which their ancestor had not asserted, and lay claim to the equitable estate, but also the grantor's devisee of the

land so fraudulently obtained may have the like relief. *Stump* v. *Gaby,* 2 De Gex., M. & G. (51 Eng. Ch.) 623; *Gresley* v. *Mousley,* 4 De Gex. & J. 78; 27 Am. & Eng. Ency. of Law, 454.

"Even when the equitable estate is the result of some positive wrongdoing, when the legal estate has been vested in a third person by fraud, undue influence, breach of fiduciary duty, and the like, so that the original owner can only regain the title by means of a cancelation, he is nevertheless, in contemplation of equity, the equitable and true owner; his equitable estate in the subject-matter is a true property, capable of being devised and otherwise dealt with." Pomeroy's Eq. Jur. (2nd ed.), §§975, 375, and note.

"Where the parent is aged, infirm, or otherwise in a condition of dependence upon his own child, and the child occupies a corresponding relation of authority, conveyances conferring benefits upon the child may be set aside. Cases of this kind plainly turn upon the exercise of actual undue influence, and not upon any presumption of invalidity; a gift from parent to child is certainly not presumed to be invalid." Pomeroy's Eq. Jur. (2nd ed.), §962.

If, therefore, the fourth paragraph of cross-complaint can be said to show sufficiently the procurement of the conveyance to the appellee through her undue influence, that paragraph showed a good cause of action against her in behalf of the cross-complainant not shown by any other paragraph or provable under the pleadings which remained after the demurrer was sustained. The case of *Ashmead* v. *Reynolds,* 134 Ind. 139, 39 Am. St. 238, sustains the pleading before us as sufficiently showing undue influence. See, also, *Yount* v. *Yount,* 144 Ind. 133, and cases cited.

The judgment is reversed, and the cause is remanded, with instruction to overrule the demurrer of the appellee to the fourth paragraph of the cross-complaint of the appellant Curtis.