## CULLEY v. JONES ET AL.

[No. 20,546.   Filed January 27, 1905.]

1. CONTRACTS.—*Representations.*—A contracting party has the right to rely on the express statement of an existing fact the truth of which is unknown to him, but which is asserted by the other contracting party as a basis for the contract.   p. 171.

2. SAME.—*Representations.*—*Value.*—*Opinion.*—Ordinarily mere representations of value are not sufficient to support a charge of fraud, but such representations under certain circumstances may be the affirmations of facts, and whether they are expressions of opinion or of fact, is a question of fact for the jury.   p. 171.

3. FRAUD.—*Representations.*—*Opinion.*—*Liability.*—The doctrine that no man is liable for a statement of his opinion or judgment is true only when such statement stands by itself and is intended to be taken only as an opinion or judgment.   p. 172.

4. CONTRACTS. — *Representations of Value.*—*Knowledge.* — Where a party to a contract makes a statement of the value of property to the opposite party, knowing that such opposite party is ignorant of such value, and such representation is not a mere expression of opinion, but given as a fact, such party is bound thereby.   p. 173.

5. FRAUD.—*Misrepresentations.*—*Capacity of Party.*—Where. a party to a contract uses undue influence, duress, misrepresentations, concealment, or takes advantage of the other party's ignorance, inexperience or want of advice, and such other party is mentally weak, such contract is voidable.   p. 175.

6. PLEADING.—*Complaint.*—*Fraud.*—*Sufficiency.*—A complaint showing that plaintiff was a deaf mute, who could communicate only by

signs; that he was of feeble intellect, and susceptible to the influence and arts of others; that he was unacquainted with the value of his real estate; that he was incapable of transacting business of any magnitude; that defendant represented that such lands were worth only $1,500, when in fact they were worth $2,000; that defendants knew such facts, and that plaintiff relied upon defendants' representations and took $1,500 for such lands, is sufficient on demurrer. p. 175.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by William Culley against Ethel B. Jones and husband. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*G. V. Menzies* and *H. F. Clements,* for appellant.
*Barker & Zimmerman* and *W. S. Jackson,* for appellees.

Monks, J.—This action was brought by appellant against appellees, who were husband and wife, to recover damages for alleged fraud and deceit in the sale and conveyance by appellant to appellee, Ethel B. Jones, of forty acres of land.

The complaint was in three paragraphs. Appellees' demurrer for want of facts was sustained to the first paragraph of complaint, to which appellant excepted. A trial by the court of the issues formed on the second and third paragraphs resulted in a finding and judgment in favor of appellees.

The question of law presented by the ruling of the court sustaining appellees' demurrer to the first paragraph of the complaint was reserved for decision on appeal under §642 Burns 1901, §630 R. S. 1881, and said ruling is assigned for error. Appellant, as required by rule twenty-two of this court *(Schreiber* v. *Worm* [1904], *ante,* 7) has set out in his brief the material averments of said first paragraph, which are as follows: "Plaintiff was a married man on the 19th day of October, 1901, and the owner of the forty acres of land described in the first paragraph of the complaint, on which, with his family, he then lived and made his home; that on said date said real estate

was worth $2,000 cash; that on said date plaintiff and wife were deaf mutes, of feeble intellect, and could only communicate with others by means of the sign language; that plaintiff and wife, by reason of their mental defects and physical infirmities, were incapable of intelligently transacting business of magnitude involving large sums of money; that plaintiff and wife, on that date, were easily susceptible to the influence, arts and persuasions of others; that plaintiff and wife were unacquainted with the values of real estate; that plaintiff and wife were unacquainted with the value of the real estate described in the first paragraph of the complaint; that each and all of the foregoing facts were, on the 19th day of October, 1901, known to the defendants, who were husband and wife; that on said date the defendants, corruptly contriving to profit by their fraud and deceit, and intending to cheat and defraud plaintiff, falsely and fraudulently represented to plaintiff, and by means of such false and fraudulent representations caused and induced plaintiff and his wife to believe, and plaintiff and his wife did believe, by reason of said fraudulent representations, that the real estate described was not worth more than $1,500 cash; that at the time of making such false and fraudulent representations defendants well knew that said real estate was worth the sum of $2,000 cash, and that the same could be sold for that sum in cash; that on said 19th day of October, 1901, defendants, by arts and false representations as to the true cash value of said real estate, made to plaintiff, and by persuasions and deceptions, and by taking advantage of plaintiff's feebleness of intellect, physical infirmities, and his incapacity to understand the nature and extent of a sale of real estate of that value, and his want of knowledge of the true cash value of the same, and by falsely representing that the fair cash value of said real estate was the sum of $1,500, wrongfully induced and caused plaintiff and his wife to convey to defendant Ethel B. Jones said real estate for the sum of $1,500 cash; that plaintiff, on the 19th day of October,

1901, relying upon such false representations, and believing the same to be true, and overcome by the deception, persuasions, arts and importunities of the defendants, executed the deed conveying said real estate; that on the 19th day of October, 1901, the date of said conveyance, plaintiff was ignorant of the value of said real estate, but confided in and believed the false representations made to him by the defendants as to the value of the same, and was induced by the defendants to believe, and did believe, the said false representations made to him by the defendants to be true, that the sum of $1,500 was the fair cash value of said real estate; that the fraudulent representations made by defendants to the plaintiff were known by the defendants to be false when so made to the plaintiff."

1. It is insisted by appellees that representations as to value are but the expressions of opinion, and do not constitute fraud. It is true that false representations, to be actionable on the ground of fraud, must be in regard to material facts, and not the mere expressions of opinions. It is settled that a contracting party may rely on the express statement of an existing fact, the truth of which is unknown to him, but which is asserted by the other contracting party as a basis for an agreement. *Manley* v. *Felty* (1896), 146 Ind. 194, 198, and cases cited; *Kramer* v. *Williamson* (1893), 135 Ind. 655, 660, and cases cited; *Jones* v. *Hathaway* (1881), 77 Ind. 14, 21.

2. Ordinarily mere representations as to value are not sufficient to support a charge of fraud. *Manley* v. *Felty, supra.* Representations of value may be, however, under certain circumstances, affirmations of facts. *Simar* v. *Canaday* (1873), 53 N. Y. 298, 306, 13 Am. Rep. 523; *Hickey* v. *Morrell* (1886), 102 N. Y. 454, 7. N. E. 321, 55 Am. Rep. 824; *People* v. *Peckens* (1897), 153 N. Y. 576, 591, 592, 47 N. E. 883, and cases cited; *Murray* v. *Tolman* (1896), 162 Ill. 417, 44 N. E. 748; *Haygarth* v. *Wearing* (1871), L. R. 12 Eq. 320, 327, 328; *Manley* v. *Felty,*

*supra;* 14 Am. and Eng. Ency. Law (2d ed.), 36, 37; 2 Pomeroy, Eq. Jurisp., §§878, 880, and notes; 1 Bigelow, Fraud, pp. 475, 496.

Whether such representations as to value are merely the expressions of an opinion, or affirmations of facts to be relied upon, is a question of fact to be determined by the jury. *Simar* v. *Canaday, supra,* page 307; *People* v. *Peckens, supra,* page 591; *Ingalls* v. *Miller* (1889), 121 Ind. 188, 191; 14 Am. and Eng. Ency. Law (2d ed.), 35, 206.

It was said by the court in *Simar* v. *Canaday, supra,* at page 306: "The defendant contends that the representations alleged to have been made by the defendant were not such as to afford a ground for an action. It is first insisted that the statements as to the value of the lands and of the mortgages thereon were mere matter of opinion and belief, and that no action can be maintained upon them if false. If they were such, no liability is created by the utterance of them; but all statements as to value of property sold are not such. They may be, under certain circumstances, affirmations of fact. When known to the utterer to be untrue, if made with the intention of misleading the vendee, if he does rely upon them and is misled to his injury, they avoid the contract. *Stebbins* v. *Eddy* [1827], 4 Mason 414-423. And where they are fraudulently made of particulars in relation to the estate which the vendee has not equal means of knowing, and where he is induced to forbear inquiries which he would otherwise have made, and damage ensues, the party guilty of the fraud will be liable for the damage sustained. *Medbury* v. *Watson* [1843], 6 Metc. 246. And see *McClellan* v. *Scott* [1869], 24 Wis. 81. * * * Whether a representation as to the value is merely an expression of opinion or belief, or an affirmation of a fact to be relied upon, is a question for the jury."

3. In *Hickey* v. *Morrell, supra,* at page 463, the court said: "The learned counsel for the respondent has stated in the broadest and most unqualified terms, as a proposition

not to be disputed, 'that no man is liable for the expression of his opinion or judgment.' But this is true only when the opinion stands by itself and is intended to be taken as distinct from anything else, and where the proposition is found in the books it is so restricted. Thus it is said: 'Matters of opinion, stated merely as such, will not in general form the ground to a legal charge of fraud' (Leake, Contracts, 355), giving many instances and also exceptions to the rule. Statements of value have been held insufficient to sustain an action where, as is said, they were 'mere matters of opinion' *(Simar* v. *Canaday* [1873], 53 N. Y. 298, 306, 13 Am. Rep. 528), but at the same time it is shown that under certain circumstances they are to be regarded as affirmations of fact, and then if false an action can be maintained upon them."

4. The distinction between an expression of opinion as to value and the statement of value as a fact, is forcibly put by the supreme court of Illinois in the case of *Murray* v. *Tolman, supra*: " 'Where the vendee is wholly ignorant of the value of the property and the vendor knows this, and also knows that the vendee is relying upon his (the vendor's) representation as to the value, and such representation is not a mere expression of opinion, but is made as a statement of fact, which statement the vendor knows to be untrue, such a statement is a representation by which the vendor is bound.' Pomeroy, Eq. Jurisp., §§878, 879; *Picard* v. *McCormick* [1862], 11 Mich. 68. Much that was said by Judge Campbell in delivering the opinion of the court in the Picard case might well be said of the case at bar. 'It is undoubtedly true,' he said, 'that value is usually a mere matter of opinion, and that the purchaser must expect that a vendor will seek to enhance his wares, and must disregard his statements of their value. But while this is generally the case, yet we are aware of no rule which determines, arbitrarily, that any class of fraudulent misrepresentations can be exempted from the consequences attached

to others. Where a purchaser, without negligence, has been induced, by the arts of a cheating seller, to rely upon material statements which are knowingly false, and is thereby damnified, it can make no difference in what respect he has been deceived, if the deceit was material and relied on. It is only because statements of value can rarely be supposed to have induced a purchase without negligence, that the authorities have laid down the principle that they can not usually avoid a bargain. * * * In the case before us the alleged fraud consisted of false statements by a jeweler to an unskilled purchaser of the value of articles which none but an expert could be reasonably supposed to understand. The dealer knew of the purchaser's ignorance, and deliberately and designedly availed himself of it to defraud him. We think that it can not be laid down as a matter of law that value is never a material fact, and we think the circumstances of this case illustrate the impropriety of any such rule. They show a plain and aggravated case of cheating, and it would be a deserved reproach to the law if it exempted any specific fraud from a remedial action, where a fact is stated and relied upon, whatever may be the general difficulty of defrauding by means of it.' See, also, *Kost* v. *Bender* [1872], 25 Mich. 515. *Allen* v. *Hart* [1874], 72 Ill. 104, is to the same effect. *Holdom* v. *Ayer* [1884], 110 Ill. 448."

It is said in *Crane* v. *Conklin* (1831), 1 N. J. Eq. 346, 22 Am. Dec. 519: "Courts of equity have been liberal in protecting against the consequences of fraud, those who from weakness and imbecility, are most liable to imposition, and also those who from their relative situation are peculiarly liable to be influenced by artful and designing persons around them. In carrying out their healthful principles, they have proved themselves the guardians of infancy, the protectors of the innocent and unwary, and the fearless and successful exposers of hidden machination and secret fraud. If there has been a suppression of the truth, or the sugges-

tion of a falsehood, whereby the party is circumvented and deceived, equity will relieve against it.   Where an undue advantage has been taken of the weakness or necessity of the party, or of any situation in which he is placed, rendering him peculiarly liable to impositions, this court will interfere. It goes upon the safe principle of protecting those who are not able to protect themselves."

5.   It appears from the allegations of the first paragraph of complaint that a deaf mute, with the mental and physical infirmities alleged, who was ignorant of the value of real estate and of the land conveyed, was induced to sell and convey the same by the false representations as to its value, made by appellees, who, knowing of the ignorance of appellant, made such representations, knowing them to be false, with the intention of misleading and deceiving appellant, and that appellant was misled thereby to his injury.

It is true that weakness of mind alone does not render one incapable of making a contract.   Weakness or feebleness of mind may, however, become of controlling influence when connected with other facts tending to establish fraud. While mental weakness alone may not be sufficient to destroy capacity to contract, yet if it is accompanied by undue influence, duress, inadequacy of consideration, misrepresentations, concealment, taking advantage of ignorance, inexperience, and want of advice, and the like, any conveyance procured by such means will be set aside.   When a person is weak and enfeebled in mind by reason of age, or from any other cause, and another takes advantage of such weakness, and by threats, artifice or cunning, or by undue influence he may possess, or by improper practices, induces such person to execute a contract, which in the free use of his deliberate judgment he would not have entered into, such contract may be set aside for fraud.

6.   It was not necessary to allege that appellant was at the time a person of unsound mind, or in such a state of mental imbecility as rendered him entirely incapable of

making a deed. It was sufficient to allege facts which show that on account of his physical and mental infirmities he was at the time in a condition of mental weakness, and that by misrepresentation or concealment or taking advantage of his ignorance appellees obtained his property, by which he was injured. *Yount* v. *Yount* (1896), 144 Ind. 133, 138, 139. Whether the alleged representations were such as appellant had the right to rely upon, or whether they were reasonably calculated to deceive such a person as appellant, were questions of fact for the jury. Representations might be futile and harmless when addressed to an active, sagacious, well-informed man, and yet the same scheme might utterly mislead and undo a deaf mute, who "could only communicate with others by means of the sign language," and was "feeble of intellect," "easily susceptible to the influence and arts of others," "unacquainted with the value of real estate," and, by reason of his "mental defects and physical infirmities, incapable of intelligently transacting business of magnitude involving large sums of money." " 'The design of the law is to protect the weak and credulous from the wiles and stratagems of the artful and cunning, as well as those whose vigilance and sagacity enable them to protect themselves.' *McKee* v. *State* [1887], 111 Ind. 378. The law is not blind to the fact that communities are composed of individuals of several degrees of intelligence and capacity, nor does it declare as a matter of law what representations as to existing facts may, or may not, be relied upon." *Ingalls* v. *Miller* (1889), 121 Ind. 188, 191. It follows that the court erred in sustaining the demurrer to said first paragraph of appellant's complaint.

Judgment reversed, with instructions to overrule the demurrer to said first paragraph of complaint, and for further procedings not inconsistent with this opinion.