## STAUFFER *v.* HULWICK.

[No. 21,962. Filed November 2, 1911.]

1. DECEIT.—*Fraud.*—*Misrepresentations.*—*Value of Land.*—*Opinions.*—*Statutes.*—Section 7468 Burns 1908, §4909 R. S. 1881, providing that "no action shall be maintained to charge any person by reason of any representation made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation be made in writing and signed by the party to be charged thereby, or by some person thereunto by him legally authorized," does not apply to the representations of defendant that a certain person's land "was good land, and was of ample value to secure the repayment" of plaintiff's loan. p. 412.

2. DECEIT.—*Fraud.*—*Misrepresentations.*—*Complaint.*—A complaint alleging that the defendant was a loan agent, that he applied to plaintiff to make a loan of $600 on certain land, representing that such land was good and ample to secure the loan, that he knew such representation was false and the plaintiff did not, but relied upon his representation, that plaintiff made the loan and lost, to her damage, states a cause of action. p. 413.

3. DECEIT. — *Fraud.*—*Misrepresentations.*—*Jury.*—Whether representations of value constitute mere opinions, or affirmations of facts, is a question for the jury. p. 413.

4. APPEAL.—*Briefs.*—*Evidence.*—Where neither the evidence, nor a succinct recital thereof, is set out in appellant's brief, the sufficiency of the evidence cannot be questioned. p. 413.

5. APPEAL.— *Briefs.*— *Instructions.*— *Evidence.*— *Waiver.*— Where appellant in the statement of the record in his brief fails to set out the questioned instructions, and omits any reference to the admission or exclusion of the questioned evidence, and makes no reference to such matters in his "points and authorities," no question thereon is presented. p. 414.

6. PLEADING.—*Motion for Judgment on.*—A motion by defendant for judgment, notwithstanding the verdict, because of the alleged insufficiency of the complaint, was properly overruled, where the complaint was sufficient. p. 414.

From Lagrange Circuit Court; *James S. Dodge,* Judge.

Action by Mary Hulwick against Harlan A. Stauffer. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Deahl & Deahl* and *John W. Hanan,* for appellant.
*L. W. Vail* and *Merritt & Duff,* for appellee.

MORRIS, J.—This appeal is from a judgment in favor of appellee, who filed her complaint in the circuit court, against appellant, for damages for alleged fraudulent representations.

The judgment was on the amended second paragraph of appellee's complaint, which alleged that in May, 1904, appellant was, and for several years prior thereto had been, engaged in the practice of law at the bar of the Elkhart Circuit Court, and during all that time was also engaged in buying and selling real estate and lending money for others; that appellant represented to appellee that one Hopkins desired to procure from her a loan of $600, to be secured by a mortgage on twenty acres of land situated in Elkhart county, near the city of Goshen; that appellant, to induce appellee to make the loan, stated that the land "was good land, and was of ample value to secure the repayment of such loan."

Appellee, who had no means of ascertaining the facts, believed the statements of appellant, and delivered to appellant $600, with which to make the loan to Hopkins, and received and accepted the note for the loan, secured by a mortgage on the land.

It is further alleged that when the representations were made, and when appellee parted with her money, the land was not good, but was, in fact, mostly marsh land, under water, could not be reached by a highway, was not farming land, was not of ample value to secure the proposed loan, in fact, was not of sufficient value to pay the costs and expenses of a foreclosure of the mortgage, and had no value whatever as security for the loan. Hopkins was insolvent and never repaid the loan, and appellee lost the $600.

It is further alleged that appellant knew when he made said representations about the value of the land that they

were false, and knew all the facts to be as heretofore stated, but he knowingly made such false representations, with the fraudulent intent and purpose of inducing appellee to make the loan, and by means thereof did deceive appellee and induce her to part with her money.

The lower court overruled a demurrer, for want of facts, to said paragraph of complaint, and this ruling is assailed by appellant as erroneous.

It is claimed by counsel for appellant that the complaint is insufficient under §7468 Burns 1908, §4909 R. S. 1881, because the alleged fraudulent representations were not in writing. The statute is as follows: "no action shall be maintained to charge any person by reason of any representation made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation be made in writing and signed by the party to be charged thereby, or by some person thereunto by him legally authorized."

We are of the opinion that the statute does not apply to the alleged facts of this case. No representation was made concerning the character, credit, conduct, ability, trade or dealings of Hopkins. The statements complained of were representations of the quality and value of the land. An investment in a real estate mortgage was contemplated, and only such a one as would be amply secured by the value of the land mortgaged, regardless of the character, conduct, ability or dealings of the person who was to mortgage the land as security for the loan. The object of this statute was to prevent fraud, and not to shield the perpetrators thereof. *Cook* v. *Churchman* (1885), 104 Ind. 141; *Hodgin* v. *Bryant* (1888), 114 Ind. 401; *Coulter* v. *Clark* (1903), 160 Ind. 311; *Grover* v. *Cavanagh* (1903), 40 Ind. App. 340.

In states where Lord Tenterden's act has been substantially adopted, as in Indiana, the tendency of court decisions has been toward a strict construction of its provisions. *Ne-*

*vada Bank* v. *Portland Nat. Bank* (1893), 59 Fed. 338, 343;
*Walker* v. *Russel* (1904), 186 Mass. 69, 1 Am. and Eng. Ann.
Cas. 688 and note.

It is next contended that the complaint is insufficient because the representations alleged were merely expres-
2. sions of opinion which could not form the basis of an action for fraud.

While it is the ordinary rule that mere representations of value, when standing alone, are not sufficient to support an action for fraud, yet such representations, under cer-
3. tain circumstances, may be affirmations of facts; and whether they be expression of opinion or affirmations of facts is a question for the jury.

In the case of *Culley* v. *Jones* (1905), 164 Ind. 168, this court carefully considered the question of law here involved, and on the authority of that case, as well as other Indiana decisions, we hold the complaint here sufficient to repel a demurrer. *Bish* v. *Beatty* (1887), 111 Ind. 403; *Manley* v. *Felty* (1896), 146 Ind. 194; *Ingalls* v. *Miller* (1889), 121 Ind. 188; 2 Pomeroy, Eq. Juris. §878.

Appellant filed a motion for a new trial, which was overruled, and this ruling is here assigned as erroneous. One of the grounds for the motion was the insufficiency of the evidence to support the verdict, and appellant relies on this for a reversal.

In appellant's brief no attempt has been made to comply with the portion of rule twenty-two of this court that requires the insertion in plaintiff's brief of a condensed
4. recital of the evidence in narrative form, where the sufficiency of the evidence to support the verdict is relied on for a reversal. By reason of this failure, appellant has waived his right to a consideration of the sufficiency of the evidence.

In the printed argument in appellant's brief it is contended that the lower court erred in refusing to give to the jury certain instructions requested by appellant, and in ex-

cluding certain evidence offered by him. In appellant's brief, the statement of the record, required by the fifth clause of rule twenty-two of this court, wholly omits any reference to any instructions given or refused, or any ruling of the court on the admission or exclusion of evidence, nor is any reference to said subjects found in the brief under appellant's "Points and Authorities." Neither is there a condensed recital of the evidence to be found in the brief. By reason of the failure of appellant to prepare his brief in accordance with the twenty-second rule of this court, he has waived his right to a consideration of the alleged errors in the refusal of requested instructions and the exclusion of the offered evidence.

Appellant filed a motion for judgment in his favor notwithstanding the verdict, because of the insufficiency of the complaint. This motion was overruled by the lower court, and that ruling is here assigned as error. As the complaint was sufficient, there was no error in the court's action.

Judgment affirmed.