Wallace v. Mattice.

No. 13,504.

## WALLACE v. MATTICE.

FRAUD.—*Proof.—Instruction to Jury.*—An instruction that "fraud is never presumed, but the burden rests upon one charging fraud to make it out by clear and convincing evidence," is not open to the objection that it misled the jury by conveying an impression that fraud must be proved beyond a reasonable doubt.

PRACTICE.—*Instructions.—Exclusion of Evidence.—Bill of Exceptions.*—No available error can be predicated upon the refusal to give instructions or the exclusion of evidence, unless all the evidence is brought into the record by a bill of exceptions, or unless the applicability of the instructions or the materiality of the evidence is otherwise properly shown.

From the Fulton Circuit Court.

*J. H. Bibler, M. L. Essick* and *O. F. Montgomery,* for appellant.

*J. Rowley, M. A. Baker, G. W. Holman* and — *Corbin,* for appellee.

MITCHELL, J.—This was an action of replevin commenced by Edmund Mattice against Robert C. Wallace, sheriff of Fulton county. The controversy involved the ownership and right to the possession of certain personal property which had been transferred to Julius Rowley by Solomon Wagoner, the plaintiff having, as he claimed, purchased it from Rowley. The property had been seized by the sheriff to satisfy an execution issued on a judgment, rendered by the Fulton Circuit Court against Wagoner and another, in favor of John E. Gordon. The transfers from Wagoner to Rowley, and from the latter to Mattice, were assailed as having been made in bad faith and in fraud of the rights of Wagoner's creditors. There was a verdict and judgment for the plaintiff in the court below.

The court, having stated the nature of the issues in previous instructions, told the jury that " fraud is never pre-

sumed, but the burden rests upon one charging fraud to make it out by clear and convincing evidence." For the appellant it is now argued that this instruction must have misled the jury, because it conveyed the impression that fraud must be proved beyond a reasonable doubt. The instruction is not obnoxious to this objection.

It is well settled, as an abstract rule of law, that fraud, as a matter of fact, is never presumed; it must be clearly proved, either directly or circumstantially, by the party making the charge, for the presumption of law is always against bad faith. *Stewart* v. *English,* 6 Ind. 176; *Hunt* v. *Elliott,* 80 Ind. 245. It is quite true that fraud is a question of fact for the jury, and that it may be inferred from circumstances and need not be proved by direct or positive evidence. But it is nevertheless proper for the court to direct the attention of the jury to the character of the issue, and to remind them, when it involves fraud, turpitude or crime, that the presumption of law is against the charge, and that to overcome the presumption and establish the charge convincing or satisfactory evidence is required. Nothing more than this was done in the present case. This does not vitiate the rule that a preponderance of the evidence is all that is required to maintain the affirmative of the issue in a civil case, nor does it require that the jury must be satisfied beyond a reasonable doubt. *Continental Ins. Co.* v. *Jachni-chen,* 110 Ind. 59.

The appellant complains of the refusal of the court to give an instruction asked by him, and it is also contended that the court erred in the exclusion of certain evidence offered by the appellant. An examination of the bill of exceptions makes it apparent that material portions of the evidence are wholly omitted, and that the bill only contains an abstract of the evidence introduced. It is authenticated as follows: "Substantially, this was all the evidence in the cause." This was not a proper authentication, and does not bring the evidence into the record. 2 Works Pr., section 1078. Where

complaint is made of the refusal of the court to give instructions, the party complaining must make it appear that there was evidence in the record to which the instructions refused were applicable. This can only be done by incorporating the evidence into a proper bill of exceptions, or by some other authorized statement of the court, showing the materiality of the instructions asked, or that they were applicable to the evidence in the case. *Hunt* v. *Elliott, supra.*

As we have seen, the bill of exceptions purporting to contain the evidence is not properly authenticated, nor does it profess to contain all the evidence; neither is there any statement by the court which enables this court to apprehend the question involved, or which shows that there was evidence to which the instruction was applicable. For the same reasons, the points predicated upon rulings of the court in sustaining objections to certain questions asked of witnesses by appellant are not presented by the record. In the absence of the evidence we are unable to say that the answers to the questions to which objections were sustained would have been material.

The record presents no error, and the judgment is therefore affirmed, with costs.

