## J. M. ROBINSON NORTON & COMPANY *v.* STALCUP ET AL.

[No. 8,294. Filed October 9, 1914. Rehearing denied February 10, 1915. Transfer denied March 26, 1915.]

1. FRAUDULENT CONVEYANCES. — *Conveyance in Furtherance of Trust.—Rights of Parties.*—Where a conveyance by a daughter to her mother, though made by a deed of general warranty, was pursuant to an agreement that the mother should hold the property in trust for the daughter and reconvey same to her upon demand, a conveyance to the daughter after the land had been levied upon under an execution against the mother can not be assailed as fraudulent by those claiming under the execution. p. 374.

2. EXECUTION. — *Conveyance of Property. — Rights of Parties.* — Where a conveyance passes both the legal and equitable title to the grantee, the lien of an execution against the grantee levied upon the land prior to a reconveyance to the grantor is a valid and subsisting lien, regardless of whether the reconveyance was fraudulent. p. 374.

3. FRAUD. — *Instructions. — Burden of Proof.* — Instructions that fraud is never presumed are not open to the objection that they inform the jury that fraud can not be inferred, there being a clear distinction between presumptions of law and inferences from facts proved. p. 374.

J. M. Robinson, etc., Co. *v.* Stalcup—58 Ind. App. 370.

4. FRAUD.—*Burden of Proof.*—Fraud is never presumed, and, since it is criminal in its nature, the party charging fraud has the burden of clearly proving same. p. 375.

5. FRAUD.—*Burden of Proof.*—Although under §1101 Burns 1914, §1055 R. S. 1881, fraud as a defense may be shown under the general denial, the rule that where the evidence under the issue formed by the general denial is equally balanced the plaintiff must fail, does not apply, but, owing to the peculiar nature of the defense, the defendant must establish the fraud by a fair preponderance of the evidence. p. 375.

6. APPEAL.—*Review.—Instructions.*—Where the jury was fully and fairly instructed on the preponderance of the evidence by the first instruction given, other instructions were not objectionable because they did not repeat that plaintiff was required to prove the facts set forth therein by a preponderance of the evidence. p. 376.

7. FRAUDULENT CONVEYANCES. — *Instructions. — Burden of Proof.*— Where defendant, claiming under an execution against plaintiff's mother levied on land subsequently reconveyed to plaintiff by her mother, assailed the reconveyance as fraudulent, an instruction that defendant must establish the alleged fraud by a preponderance of the evidence before the jury could find for it on that branch of the case, that unless satisfied from the preponderance that defendant had clearly proved the existence of fraud, the jury could not find for defendant, provided plaintiff had established her title by the preponderance of the evidence, that fraud is never presumed and would not be presumed from the acts of plaintiff and her mother which might be accounted for under the evidence on the basis of honesty and good faith, was not erroneous as requiring proof of fraud though there was no consideration paid by plaintiff for the reconveyance, or as assuming that the acts of plaintiff and her mother could be accounted for on the basis of honesty and good faith. p. 376.

8. APPEAL.—*Review.—Verdict.*—The court on appeal can not disturb a verdict on the weight of the evidence. p. 378.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by Gretchen N. Stalcup and another against the J. M. Robinson Norton & Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Orion B. Harris, George M. Crane* and *A. L. Miller,* for appellant.

*E. S. Holliday* and *Frank A. Horner,* for appellees.

SHEA, J.—Action by appellee Gretchen N. Stalcup and her husband against appellant to set aside a sheriff's certificate, and to quiet title to a parcel of real estate in Clay County, Indiana.

Appellant levied an execution on the real estate mentioned in the complaint, the record title of which, at the time of the levy, was in Susan E. Brown, mother of appellee Gretchen N. Stalcup. After the levy and notice of sale, Susan E. Brown, her husband joining in the deed, conveyed the property to her daughter Gretchen N. Stalcup, and her husband Earl N. Stalcup, which deed was recorded before the sale. Afterward the sheriff sold the real estate to appellant, and issued to it a certificate of sale. Appellees then brought suit to quiet title to the real estate, alleging that appellee Gretchen N. Stalcup became the owner of same by purchase on December 17, 1906, she being then unmarried; that, thereafter, in contemplation of her marriage with her coplaintiff, she contracted and agreed with the mother, Susan E. Brown, to convey to her said real estate in trust for the use and benefit of Gretchen N. Stalcup, it being agreed between appellee and her mother that the mother should, in carrying out the trust, convey the real estate to appellee Gretchen N. Stalcup, after her marriage, whenever directed to do so by her daughter, or if so directed, Susan E. Brown should sell the real estate and pay over the proceeds of the sale to Gretchen N. Stalcup. In accordance with the agreement and contract, Gretchen N. Stalcup, by her then maiden name, Gretchen Brown, on August 23, 1907, conveyed the real estate to Susan E. Brown, by deed of general warranty. It is averred that Susan E. Brown paid nothing whatever for the real estate; that there is no consideration for the conveyance and the only purpose of making it was to enable the grantee to hold the title in trust for the uses and purposes specified, which trust Susan E. Brown accepted; that after the execution of the last named deed,

appellees were married and are now husband and wife; that in accordance with the agreement between Gretchen N. Stalcup and her mother, and for the purpose of carrying out the trust so created, Susan E. Brown, her husband joining, on June 21, 1909, by direction of said Gretchen, conveyed by deed the real estate in controversy to these plaintiffs, who are now the owners thereof, which deed was duly recorded within forty-five days. It is further averred that defendant (appellant) in 1909, obtained a judgment in the Sullivan Circuit Court against Susan E. Brown, upon which judgment an execution was issued, directed to the sheriff of Clay County, who, by virtue thereof levied upon the real estate as the property of said judgment defendant. The real estate was sold by the sheriff on July 17, 1909, to appellant, who received a certificate of sale therefor, and is now asserting a lien upon the land by virtue of the certificate so executed; that appellant's claim was wholly false and unfounded and a cloud upon appellees' title. Prayer that appellees' title be quieted, that the sheriff's sale be set aside and declared for naught. Answer in general denial. A trial of the issues formed resulted in a verdict and judgment in favor of appellees, quieting their title to the real estate in controversy.

The errors assigned are: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellant's motion for a new trial. The brief does not suggest any infirmity in the complaint, and we have discovered none, so that the second assignment of error presents the only questions involved in this appeal. Errors in the giving and refusal to give certain instructions, and errors in the admission of certain evidence are set out in the motion for a new trial. The errors with respect to instructions given and refused are presented in groups. It is urged that instructions Nos. 1, 2, 3, 4, 12 and 13 given upon appellees' motion are erroneous because they invade

the province of the jury in telling it that good faith is presumed and that fraud is never presumed, and that it can not infer fraud from certain facts; also that instruction No. 11 tendered by appellant was erroneously refused.

The complaint in this case charges clearly the fact that a trust was created in this real estate in the mother of appellee, at a time prior to the bringing of this action. The general denial filed traverses this allegation. This question was submitted to the jury for trial. If the evidence shows that a trust was created by the deed of conveyance of appellee, Gretchen N. Stalcup, to her mother, as alleged, then the conveyance of Susan E. Brown, the mother of appellee can not be assailed, as said last conveyance was then made in fulfillment of the trust. On the other hand, if no trust was created as shown by the evidence, and both the legal and equitable title were held by Susan E. Brown, then the execution lien held by appellant was a valid and subsisting lien on the real estate without respect to the element of fraud introduced into the case by appellant under the general denial, so that the question of fraud enters into the evidence of this case only for the purpose of showing or tending to show that the property was not held in trust.

There is no discord in the authorities, either among the text writers or decided cases, that fraud is never presumed, but must be proved. It does not follow from this that fraud may not be inferred from facts proved, as appellant's learned counsel have clearly shown in their brief. But we do not think the instructions complained of can have the construction placed upon them by appellant's counsel. They do not tell the jury that fraud can not be inferred. The language is that fraud is never presumed. The distinction between presumptions of law, and inferences from the facts proved must be kept clearly in mind. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516,

527, 79 N. E. 499; *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 97 N. E. 449. In the case of *Wallace* v. *Mattice* (1889), 118 Ind. 59, 60, 20 N. E. 497, the rule is well stated as follows: "It is well settled, as an abstract rule of law, that fraud, as a matter of fact, is never presumed; it must be clearly proved, either directly or circumstantially, by the party making the charge, for the presumption of law is always against bad faith. *Stewart* v. *English* [1855], 6 Ind. 176; *Hunt* v. *Elliott* [1881], 80 Ind. 245 [41 Am. Rep. 794]. It is quite true that fraud is a question of fact for the jury, and that it may be inferred from circumstances and need not be proved by direct or positive evidence. * * * This does not vitiate the rule that a preponderance of the evidence is all that is required to maintain the affirmative of the issue in a civil case, nor does it require that the jury must be satisfied beyond a reasonable doubt. *Continental Ins. Co.* v. *Jachnichen* [1887], 110 Ind. 59 [10 N. E. 636, 59 Am. Rep. 194]."

The decided cases as well as the text-book writers lay down the rule that while fraud may be inferred from the facts proved, it is never presumed, but must be 4. proved by the party charging it. *Larch* v. *Holz* (1913), 53 Ind. App. 56, 101 N. E. 127. The charge is criminal in its nature, involving moral turpitude, and for this reason it is uniformly held that the burden is upon the party charging fraud to prove it clearly. *Larch* v. *Holz, supra; Wallace* v. *Mattice, supra; Wills* v. *Mooney-Mueller Drug Co., supra; Anderson* v. *Evansville, etc., Assn.* (1912), 49 Ind. App. 403, 97 N. E. 445.

In this State the statutes makes the defense of fraud proper under the answer in denial (§1101 Burns 1914, §1055 R. S. 1881), so that we are called upon to decide where 5. the burden rests to prove the fraud charged by appellant under such denial. It is argued by appellant that if the proof upon this question is in equipoise, appellees (plaintiffs below) must fail because they have the burden of

proving all the material allegations of their complaint. In other words, if the evidence introduced upon the issue raised by the general denial be evenly balanced, appellees must fail, thus applying the rule in force with respect to ordinary defenses which are not required to be shown by a preponderance of the evidence. It can not be said that proof of fraud is shown when the evidence is but evenly balanced. Therefore, we conclude that, because of the peculiar nature of the defense of fraud, the burden was upon appellant, who claimed it, to make the proof by a fair preponderance of the evidence, likewise, we are convinced that but for the statute relieving appellant of that duty, it must have been affirmatively pleaded. To hold otherwise would put us out of harmony with the great weight of authority, as well as with sound principles. Smith, Fraud §267; 20 Cyc. 108. Therefore no error was committed by the trial court in instructing the jury that the burden to prove fraud in this case was upon appellant.

Several separate instructions are criticised because they do not state that certain facts required to be shown by appellees must be proved by a preponderance of the evidence. The jury was fully and fairly instructed upon the preponderance of the evidence by the first instruction given. It is not required that it be repeated in each or any instruction thereafter. Instruction No. 2 tendered by appellee and given by the court reads as follows: "The defendant in this case has interposed a defense of fraud; and upon that branch of the case, I instruct you that the defendant must establish the existence of the alleged fraud by a preponderance of the evidence before you can find for it on that branch of the case; because, unless you are satisfied from the preponderance that the defendant has clearly proved the existence of fraud on the part of the plaintiff Gretchen N. Stalcup in the conveyances between the plaintiff and her mother, then you cannot find for the defendant, provided the plaintiffs have

established their title to the land in question by the preponderance of the evidence. Fraud is never presumed, and in so far as the defendant relies upon fraud to entitle it to recover in this action, the charges of fraud must be by it affirmatively established by the preponderance of the evidence, and fraud will not be presumed from the acts of the plaintiff and her mother which may be accounted for under the evidence on the basis of honesty and good faith." It is criticised as follows: "it requires the defendant to prove fraud on the part of the plaintiff Gretchen, regardless of whether she paid any consideration, when the theory is, and there is evidence tending to support it, that there was no consideration paid by her and in such case it is not necessary to show that she even had knowledge of it, much less, that she participated in it." We do not think the instruction is subject to the criticism suggested when taken as a whole, because it requires that plaintiffs shall prove by a fair preponderance of the evidence their title to the land in question before they can recover. If the plaintiffs have proved their title, upon the theory that the real estate was held in trust, as alleged in the complaint, then they have met all the requirements, and the question of consideration is unimportant. Neither is it subject to the criticism that it assumes as a fact that the acts of plaintiff and her mother may be accounted for under the evidence on the basis of honesty and good faith, but it is properly stated that fraud will not be presumed from the acts of plaintiff and her mother, which may be accounted for on the basis of honesty and good faith. *First Nat. Bank* v. *Lesser* (1901), 10 N. M. 700, 65 Pac. 179; *Wallace* v. *Mattice, supra.*

The case has been very ably and carefully briefed on behalf of appellant. We have examined all of the questions presented, and have read all of the instructions ,given by the court, as well as those tendered by appellant, and not given, and we find no error which would warrant this court in reversing the case.

Serious contradictions are found in the evidence, but these were questions properly determined by the jury, and this court can not disturb the verdict upon the weight
8.    of the evidence. We find no reversible error in the court's rulings upon the admission of evidence. Judgment affirmed.

NOTE.—Reported in 106 N. E. 395. As to proof of fraud in connection with fraudulent conveyances, see 11 Am. St. 757. Presumptions and burden of proof as to fraud, see 1 Ann. Cas. 809. See, also, under (1) 20 Cyc. 395; (2) 17 Cyc. 1068; (3) 20 Cyc. 129; (4, 5) 20 Cyc. 108; (6) 38 Cyc. 1778; (7) 20 Cyc. 810, 809; 38 Cyc. 1749; 1657, 1663; (8) 3 Cyc. 348.